UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>**JAREMY ALEXANDER SMITH** | CR. NO.: 4:26-CR-00057 |

## NOTICE OF INTENT TO SEEK THE DEATH PENALTY

The United States of America, by and through its undersigned counsel and pursuant to Section 3593(a) of Title 18 of the United States Code, notifies the Court and Defendant JAREMY ALEXANDER SMITH that the United States believes the circumstances of the offenses charged in Counts 1, 2, and 3 of the Superseding Indictment are such that, in the event of a conviction, a sentence of death is justified under Chapter 228 (Section 3591 through 3598) of Title 18 of the United States Code and that the United States will seek the sentence of death for these offenses: Kidnapping Resulting in Death (Count 1), Carjacking Resulting in Death (Count 2), and Use of a Firearm in Furtherance of a Crime of Violence to Commit Murder (Count 3).

(A) JAREMY ALEXANDER SMITH was 18 years of age or older at the time of the offense.

(B) Statutory Threshold Factors enumerated under 18 U.S.C. § 3592(a)(2)(A)-(D):

   (1) **Intentional Killing**. JAREMY ALEXANDER SMITH intentionally killed Phonesia Machado-Fore. 18 U.S.C. § 3591(a)(2)(A);

   (2) **Intentional Infliction of Serious Bodily Injury**. JAREMY ALEXANDER SMITH intentionally inflicted serious bodily injury that resulted in the death of Phonesia Machado-Fore. 18 U.S.C. § 3591(a)(2)(B);

1

(3) **Intentional Participation in Acts Resulting in Death**. JAREMY ALEXANDER SMITH intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Phonesia Machado-Fore died as a direct result of the act. 18 U.S.C. § 3591(a)(2)(C); and,

(4) **Intentional Engagement in Acts of Violence, Knowing that the Acts Created a Grave Risk of Death to a Person**. JAREMY ALEXANDER SMITH intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Phonesia Machado-Fore died as a direct result of the act. 18 U.S.C. § 3591(a)(2)(D).

(C) Statutory Aggravating Factors Enumerated under 18 U.S.C. § 3592(c):

(1) **Death during Commission of Kidnapping**. JAREMY ALEXANDER SMITH caused Phonesia Machado-Fore's death, or injury resulting in death, during the commission or attempted commission of, or during the immediate flight from the commission of, an offense under Title 18, United States Code, Section 1201 (Kidnapping) (Title 18, United States Code, Section 3592(c)(1));

(2) **Pecuniary Gain**. JAREMY ALEXANDER SMITH committed the offense in the expectation of the receipt of anything of pecuniary value (Title 18, United States Code, Section 3592(c)(8));

  (3) **Substantial Planning and Premeditation**. JAREMY ALEXANDER SMITH committed the offense after substantial planning and premeditation to cause the death of a person (Title 18, United States Code, Section 3592(c)(9)); and

  (4) **Previous Conviction of Violent Felony involving Firearm**. JAREMY ALEXANDER SMITH has been previously convicted of a Federal or State offense punishable by a term of imprisonment of more than one year, involving the use or attempted or threatened use of a firearm (as defined in section 921) against another person (Title 18, United States Code, Section 3592(c)(2)).

(D) Non-Statutory Aggravating Factors Identified under 18 U.S.C. § 3593(a)(2):

  (1) **Victim Impact**. JAREMY ALEXANDER SMITH caused injury, harm, and loss to Phonesia Machado-Fore as well as to her family and friends. The injury, harm, and loss caused by JAREMY ALEXANDER SMITH with respect to Phonesia Machado-Fore is evidenced by her personal characteristics and by the impact of the victim's death upon her family and friends.

  (2) **Future Dangerousness**. JAREMY ALEXANDER SMITH is likely to commit criminal acts of violence in the future that would constitute a continuing and serious threat to the lives and safety of others, as evidenced by at least one or more of the following:

   (a) **Continuing Pattern of Violence**. JAREMY ALEXANDER SMITH has engaged in a continuing pattern of violence, attempted violence, and threatened violence, including but not

3

limited to the offenses charged in the Indictment, the carjacking and murder of New Mexico State Police Officer Justin Hare, and the conduct underlying his other prior criminal convictions;

(b) **Low Rehabilitative Potential**. JAREMY ALEXANDER SMITH has demonstrated a low potential for rehabilitation as demonstrated by the killing of Phonesia Machado-Fore while he was on parole from a prior criminal conviction, and his history of custodial misconduct including escapes and attempted escapes; and,

(c) **Lack Of Remorse**. JAREMY ALEXANDER SMITH demonstrated a lack of remorse after murdering Phonesia Machado-Fore, as evidenced by his statements and actions following the commission of the offenses charged;

(3) **Obstruction of Justice**. JAREMY ALEXANDER SMITH attempted to influence, impede, or interfere with the investigation into Phonesia Machado-Fore's murder by acts including, but not limited to, murdering New Mexico State Police Officer Justin Hare while and because the officer was engaged in the performance of his duty;

(4) **Subsequent Murder of Law Enforcement Officer**. After murdering Phonesia Machado-Fore, JAREMY ALEXANDER SMITH murdered New Mexico State Police Officer Justin Hare because of his status as a public servant.

Respectfully submitted,

BRYAN P. STIRLING
UNITED STATES ATTORNEY

By: *s/ Everett E. McMillian*
    Everett E. McMillian
    Assistant United States Attorney
    401 W. Evans Street, Suite 222
    Florence, S.C. 29501

    Christopher Lietzow
    Assistant United States Attorney
    151 Meeting Street, Suite 200
    Charleston, S.C. 29401